IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HEATHER LUCKETT,

*Plaintiff,*

v.

JUDGE MARY MARGARET KENT, *et al.*,

*Defendants.*

Civil No. **1:25-cv-02689-JRR**

## MEMORANDUM OPINION AND ORDER

Pending before the court is *pro se* Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3, the "Motion").  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  Because the court determines it lacks subject matter jurisdiction, the case will be dismissed.

On August 14, 2025, Plaintiff filed the Complaint (ECF No. 1), a Motion to Proceed *In Forma Pauperis* (ECF No. 2), the Motion (ECF No. 3), and a Motion to Proceed Without Notice (Ex Parte) (ECF No. 4).  Plaintiff's allegations concern a custody proceeding in the Circuit Court for Worcester County, Maryland (Case No.: C-23-FM-21-000377).   Plaintiff avers that the presiding Judge in the custody proceeding, Judge Mary Margaret Kent,[1] and the other Defendants, Brandon Luckett, Mike Mastracci, Catherine Beers, and Diane Brissey, violated Plaintiff's constitutional rights during the custody proceedings.  The proceedings culminated in an order awarding custody of Plaintiff's daughter to Defendant Brandon Luckett.  (ECF No. 1 ¶ 16.)  In the Complaint, Plaintiff sets forth four Counts, all of which proceed under 42 U.S.C. § 1983: Violation

---

[1] Judge Kent is sued in her official capacity only.  (ECF No 1 ¶ 4.)

of Procedural Due Process; Violation of Substantive Due Process; Violation of Equal Protection; and Conspiracy to Deprive Constitutional Rights.

As relief, Plaintiff requests that the court "[d]eclare that Defendants violated Plaintiff's constitutional rights as set forth herein; [i]ssue a preliminary and permanent injunction restoring Plaintiff's custodial and parental rights pending a fair hearing; [e]njoin Defendants from enforcing custody or visitation orders obtained through unconstitutional procedures" and award damages and attorney's fees.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 599 U.S. 77, 95 (2010), and *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

It is "long established precedent that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980)); *see also Capel v. Virginia Dep't of Soc. Servs. Div. of Child Support Enf't,* 640 F. App'x 257 (4th Cir. 2016) (same). "Under 'the domestic relations exception' to federal jurisdiction, federal courts do not have the power to 'determine alimony or support obligations, or decide child custody rights.'" *King v. Kreyer*, No. CV 24-2987-BAH, 2024 WL 4505014, at *2 (D. Md. Oct. 16, 2024) (quoting *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982)). "Not all family feuds, however, fall directly into

the specialized category of true domestic relations cases (primarily divorce, alimony, child custody and support)." *Cole v. Cole*, 633 F.2d 1083, 1088 (4th Cir. 1980).  To determine whether a case falls in the domestic relations exception, a court "must consider the exact nature of the rights asserted or of the beaches alleged," namely, whether the alleged breaches "arise solely from family relations law." *Id*.

Additionally, "[u]nder the *Rooker-Feldman* [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).  "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Id*. at 391.

All of the harm alleged by Plaintiff stems from her state court child custody case. (ECF No. 1.)  As the success of her various claims necessarily depends upon a determination that the state court proceedings were not based on proper findings of fact, relied on fabricated evidence, and/or were otherwise substantively and procedurally deficient, and resulted in an erroneous outcome, Plaintiff's claims are inextricably intertwined with the state court decision and this Court therefore does not have subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine.  *See Ihenachor v. Maryland*, No. CV RDB-17-3134, 2018 WL 1863678, at *3 (D. Md. Apr. 18, 2018) (holding that *Rooker-Feldman* stripped court of jurisdiction over claims that stemmed from and were inextricably intertwined with a state court child custody decision); *Burns v. Montgomery Cnty. Child Protective Servs.,* No. CV TDC-16-3273, 2016 WL 6082416, at *2 (D. Md. Oct. 18,

2016) (holding that *Rooker-Feldman* doctrine and the domestic relations exception barred court's jurisdiction over claims that state court child custody proceedings were tainted by fraud).

To the extent Plaintiff requests this court restore her custodial and parental rights or otherwise enter an order determining the custody of her daughter, the court may not provide such relief under the domestic relations exception. *Burns*, 2016 WL 6082416, at \*2.

Plaintiff may raise the trial court's alleged violations of her federal rights on appeal. As stated by the Supreme Court, "[u]nder our system of dual sovereignty . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990). Maryland law provides for appellate review of adverse circuit court decisions in the Maryland courts. *See* MD. CODE ANN., CTS. & JUD. PROC. § 12-301.

Both the domestic relations exception and the *Rooker-Feldman* doctrine strip this court of its jurisdiction over Plaintiff's claim. Jurisdictional issues may be raised at any time in the proceeding or *sua sponte* by the court. FED. R. CIV. P. 12(b)(1).

Even if this court had jurisdiction over the instant case, Plaintiff's claims nonetheless merit dismissal. First, Plaintiff has not alleged that the Defendants other than Judge Kent are state officials, and Section 1983 provides a cause of action against persons acting under the color of state law, not private individuals. 42 U.S.C. § 1983. Accordingly, her claims may not proceed as against Defendants other than Judge Kent. Second, Judges, acting in their official capacities, have absolute immunity when they are exercising judicial functions and there is no clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023). Plaintiff has not alleged either of these exceptions to absolute judicial immunity, and accordingly, Judge Kent is immune from Plaintiff's claims.

Accordingly, for the reasons set forth above. It is this 15th day of August 2025,

**ORDERED** that the Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED**.

Madam Clerk shall close this case and transmit a copy of this opinion and order to Plaintiff.

_____
/S/
_____
Julie R. Rubin
United States District Judge